IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LOUIE,

    Plaintiff,

vs.

ADAM RAMIREZ, et al.,

    Defendants.

No. CIV S-11-0882 JAM EFB PS

ORDER

/

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). Plaintiff has numerous actions currently proceeding in this court. In March 2011, in several of those actions, plaintiff filed a "Notice of Filing Bankruptcy," indicating that an involuntary Chapter 7 bankruptcy petition was filed against him.[1] *See, e.g., Louie v. Cal. Judicial Council*, 2:10-cv-2530-LKK-EFB, Dckt. No. 12; *Louie v. Volvo-California Swedish*, 2:11-cv-74-JAM-EFB, Dckt. No. 23; *Louie v. Stomer Valley 2000 Revocable Trust*, 2:11-cv-108-MCE-EFB, Dckt. No. 27.

///

---

[1] In April 2011, plaintiff also filed a second "Notice of Filing Bankruptcy" in several of his pending actions, indicating that he filed a voluntary bankruptcy petition on April 1, 2011. *See e.g., Louie v. Volvo-California Swedish*, 2:11-cv-74-JAM-EFB, Dckt. No. 31.

1

1    In light of the pending bankruptcy actions, it appears that plaintiff does not have standing
2 to proceed in the current action.  Upon a declaration of bankruptcy, all of the debtor's legal or
3 equitable interests in property become the property of the bankruptcy estate.  *Manlangit v. Nat'l*
4 *City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (citing 11 U.S.C. § 541(a)).
5 This includes causes of action.  *See id.*; *see also Switchboard Co. v. Westinghouse Elec. Corp.*,
6 789 F.2d 705, 707 (9th Cir.1986); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D.
7 Haw. 1996).  Therefore, "a bankruptcy petitioner loses standing for any causes of action and the
8 estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims"
9 or the claims are exempt from the bankruptcy estate.  *Manlangit*, 2010 WL 2044687, at *1 (citing
10 *In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. 2002); *In re Pace*, 146 B.R. 562, 565-66 (9th Cir.
11 1992)); *Rowland*, 949 F. Supp. at 1453.

12    Here, there is no indication that the bankruptcy trustee(s) has/have abandoned the claims
13 against defendants or that this action is exempt from or should be excluded from the bankruptcy
14 estate(s).[2]  Therefore, plaintiff and/or the bankruptcy trustee(s) will be required to substitute or
15 join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the
16 requirements of Federal Rule of Civil Procedure 17(a)(3) ("The court may not dismiss an action
17 for failure to prosecute in the name of the real party in interest until, after an objection, a
18 reasonable time has been allowed for the real party in interest to ratify, join, or be substituted
19 into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been
20 originally commenced by the real party in interest.").  If plaintiff and the bankruptcy trustee(s)
21 fail to do so, the undersigned will recommend that this action be dismissed with prejudice.
22 Additionally, all pending motions will be denied without prejudice to being re-filed once the
23 Rule 17 issues are resolved.

---

[2] In fact, in several other actions pending before this court, plaintiff has conceded that he lacks standing to bring those actions.  *See, e.g., Louie v. Cal. Judicial Council*, 2:10-cv-2530-LKK-EFB, Dckt. No. 14.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before August 3, 2011, plaintiff and/or the bankruptcy trustee(s) shall substitute or join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3).[3]

2. If plaintiff and the bankruptcy trustee(s) fail to comply with the Rule 17 requirements on or before August 3, 2011, the undersigned will recommend that this action be dismissed with prejudice.

3. Defendants' motion to sever misjoined defendants and/or to dismiss, Dckt. No. 11, is denied without prejudice to being re-filed once the Rule 17 issues have been resolved.

4. The status (pretrial scheduling) conference currently set for hearing on August 10, 2011 is continued to October 19, 2011 at 10:00 a.m. in Courtroom No. 24. The parties shall file status reports, as required by this court's April 4, 2011 order, on or before October 5, 2011.

5. Within five days of the date this order is filed, plaintiff shall serve a copy of this order on the bankruptcy trustee(s) and shall file a proof of such service.

6. Defendants need not file a response to plaintiff's complaint pending resolution of the instant matter.

DATED: May 18, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] In late-April 2011, Alan S. Fukushima, who has been appointed the Chapter 7 Bankruptcy Trustee in plaintiff's involuntary bankruptcy case, filed a response to orders issued in several of plaintiff's other pending actions and requested that he be given at least 60 days to either substitute, join, or ratify those actions or to abandon the claims therein. *See, e.g., Louie v. Cal. Judicial Council*, 2:10-cv-2530-LKK-EFB, Dckt. No. 18. Accordingly, the same deadline set in those cases is provided herein.