UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE S. LOUIE, | Case No. 2:11-CV-00882 JAM-KJN |
| Plaintiff, | |
| v. | <u>ORDER GRANTING TRUSTEE'S MOTION TO REFER THIS CASE TO THE UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF CALIFORNIA</u> |
| ADAM RAMIREZ dba RAMIREZ TOWING, et al., | |
| Defendants. | |

This matter comes before the Court as a Motion to Refer this Case to the United States Bankruptcy Court, Eastern District of California (Doc. #17) presented by Alan S. Fukushima ("the Trustee" or "Mr. Fukushima"), Chapter 7 Trustee in the bankruptcy case <u>In re Louie</u>, United States Bankruptcy Court, Eastern District of California, Case No. 11-25036-C-7. Defendants Adam Ramirez dba Ramirez Towing; Ines Aceves dba Aceves Auto Repair and Ace Tires; John Maple dba AC Auto Dismantling; Timothy Curtis dba Trophy Car Wash; Gas Max, LLC dba Gas Max Gasoline; Kevin Clark dba Allen's Auto Body; Allen Sustin dba Golden Valley Auto Body; Matt Fowles

1

dba Golden Valley Tax Service; Andrew and Holly Fernandez dba A&H Towing and Recovery; Kulwinder Shergill dba Lucky Tire & Auto Repairs; Surbir Soos dba Victory Motors International; Larry Boals dba Sunrise Motors; Timothy Thomas dba A1 Body Shop; Charles Clark dba Clark Pest Control of Stockton, Inc.; Tajinder Singh; Ranber Singh and Amarjit Kaur dba Smitty's Liquor/Feather River Check Cashing("Defendants") oppose the motion (Doc. #20).[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2010, Plaintiff George S. Louie ("The Debtor" or "Mr. Louie") filed the instant case.  He alleges that Defendants failed to accommodate his disability in violation of the Americans with Disabilities Act ("ADA") of 1990, California Civil Code Sections 54 and 54.1, and the California Unruh Civil Rights Act.

On February 28, 2011, Mr. Louie was placed into involuntary bankruptcy pursuant to Title 11 U.S.C. § 303: <u>In re George S. Louie</u>, United States Bankruptcy Court, Eastern District of California, Case No. 11-25036-C-7 (the "Involuntary Bankruptcy Case").  On March 30, 2011, the Bankruptcy Court entered an order for relief.  Mr. Fukushima was appointed as Chapter 7 Trustee.

On April 1, 2011, Mr. Louie filed a voluntary bankruptcy case: <u>In re George Sing Louie</u>, United States Bankruptcy Court, Eastern District of California, Case No. 2011-28344 (the "Voluntary Bankruptcy Case").

On May 31, 2011, the Bankruptcy Court consolidated the Involuntary Bankruptcy Case and the Voluntary Bankruptcy Case as Case No. 11-250360C-7 (the "Bankruptcy Case") and appointed Mr.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 10, 2011.

2

Fukushima as the Chapter 7 Trustee of the consolidated cases.

Through the Trustee's investigation, he discovered that the Debtor has more than 80 cases pending in various California state courts and federal district courts. Most or all of the cases allege that defendants failed to accommodate Mr. Louie's disability in violation of the ADA. On September 22, 2011, upon application by the Trustee, this Court issued a related case order (Doc. #21) relating eleven other ADA cases pending before the district court, all before this Court. The Trustee now moves to refer this case to the Bankruptcy Court (Doc. #17).

## II. OPINION

### A. Legal Standard

#### 1. Referral to Bankruptcy Court

28 U.S.C. § 1334(b) provides that federal courts shall have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." In Celotex Corp. v. Edwards, 514 U.S. 300 (1995), the Supreme Court described the scope of "related to" jurisdiction under Section 1334(b):

> Proceedings "related to" the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate.

Celotex Corp., 514 U.S. at 308 n. 5.

Where the cause of action is not property of the estate in bankruptcy, courts in the Ninth Circuit utilize the Pacor test. The Pacor test considers "whether the outcome of that [civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984,

994 (1984). Additionally, the Ninth Circuit suggests district courts consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors" when deciding whether to refer cases to the Bankruptcy Court. <u>Security Farms v. International Brotherhood Of Teamsters, Chauffeurs, Warehousemen & Helpers, an Unincorporated Ass'n.</u>, 124 F.3d 999, 1008 (9th Cir. 1997).

    B.    <u>Claims for Relief</u>

The Trustee asks the Court to refer this case to the Bankruptcy Court because the instant case is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). The instant case is also related to the bankruptcy case because the Trustee is already prosecuting thirty-two other ADA cases in the Bankruptcy Court filed by the Debtor. Additionally, the estate has no cash so it would be an extreme burden for the Trustee to prosecute many cases in multiple courts.

Defendants counter by arguing that the present case is "related" to the Bankruptcy Case only to the extent that the debtor is also the plaintiff in the present case. The extent of the Trustee's interest is to receive any money recovered as a result of this action. Furthermore, no bankruptcy issues are involved in this case. Defendants also argue that referral to the Bankruptcy Court is not a prudent use of judicial resources because if there is a jury trial the Bankruptcy Court would need to refer the jury trial proceedings to the District Court and the District Court is more familiar with the ADA issues involved in this action than the Bankruptcy Court. Finally, Defendants argue that the Trustee will

not be prejudiced if this case remains in the District Court.

The Court finds that pursuant to 11 U.S.C. § 541, the instant case is the legal interest of the debtor and is thus property of the estate. The fact that this case concerns noncore ADA claims is irrelevant since the instant case is related to the Bankruptcy Case. Accordingly, pursuant to 28 U.S.C. § 157(a), this Court exercises its discretion to refer this case to the Bankruptcy Court.

Contrary to Defendants' concerns, referral to the Bankruptcy Court is an efficient use of judicial resources. Bankruptcy courts routinely handle adversary proceedings and both the Bankruptcy Court judges and the District Court judges in this district are under heavy caseloads. Referral to the Bankruptcy Court will result in an overall savings of judicial resources, as well as convenience for the parties because it will result in the same court handling the adversary proceedings and the overall administration of the underlying Bankruptcy Case. Accordingly, the Court GRANTS the Trustee's Motion to Refer This Case to the United States Bankruptcy Court, Eastern District of California.

### III. ORDER

For the reasons set forth above, the Court GRANTS the Motion to Refer This Case to the United States Bankruptcy Court, Eastern District of California.

IT IS SO ORDERED.

Dated: November 21, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE